UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Michael Drouin et al.</u>

    v.                              Civil No. 11-cv-596-JL

<u>American Home Mortgage</u>
<u>Servicing, Inc., et al.</u>

## **O R D E R**

Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Wells Fargo Bank, N.A. moved this court to enter a protective order excusing them from responding to plaintiffs' Rule 30(b)(6) deposition notices.  <u>See</u> Fed. R. Civ. P. 26(c).  This was in violation of this court's July 26, 2012 order setting forth its discovery dispute resolution procedure.  Nonetheless, in light of the recent close of discovery and the impending summary judgment deadline, the court held a conference call with counsel for all parties in an attempt to resolve the issues presented by that motion, as well as other issues raised by the parties, as expeditiously as possible.  On the call, the parties made the following representations to the court:

▸    Plaintiffs' counsel represented that, based upon his discussion with defendants' counsel, the only areas of inquiry in his 30(b)(6) deposition notices that he still wished to pursue were those set forth in paragraphs 8-12, 14, 26, and 28 of the notices.

▸    Plaintiff's counsel acknowledged that the plaintiffs had failed to establish the escrow account contemplated by the court's orders of July 26, 2012, and December 10, 2012.

- Counsel for defendant Option One Mortgage Corporation acknowledged that Option One had failed to respond to plaintiffs' discovery requests as contemplated by the court's order of December 10, 2012.

Based upon these representations, and the court's discussion with counsel on the call, the court orders as follows:

- **The motion for protective order (document no. 49) is granted in part and denied in part.** Rule 30(b)(6) depositions of AHMSI, Wells Fargo, and their co-defendant Option One Mortgage Corporation shall be taken **on or before February 19, 2013.** AHMSI and Wells Fargo shall produce a deponent on topics 8-12 and 28, but need not produce a deponent on topics 14 and 26. No expenses will be assessed under Federal Rule of Civil Procedure 37(a)(5)(C).

- Wells Fargo and AHMSI may select twelve (12) interrogatories from their December 24, 2012 interrogatories to plaintiff Michael Drouin, and twelve (12) interrogatories from their December 24, 2012 interrogatories to plaintiff Kathleen Drouin, to which they desire responses from the Drouins. The Drouins shall provide objections and/or responses to those interrogatories **on or before February 19, 2013.**

- Option One shall provide full and complete responses to plaintiffs' discovery requests **on or before January 31, 2013.** By that date, Option One shall also file a memorandum with the court showing cause why sanctions should not be assessed against it pursuant to Federal Rule of Civil Procedure 37(b)(2) for its failure to comply with the court's December 10, 2012 order.

- To accommodate the additional discovery outlined above, the Drouins' objections to any summary judgment motions shall be due ten (10) days from the date of the final Rule 30(b)(6) deposition. Replies and sur-replies will be permitted without leave of court. Any reply memorandum shall be due four (4) days from the date on which the objection is filed. Any sur-reply memorandum shall be due four (4) days from the date on which the reply is filed.

- Based upon the Drouins' failure to establish the escrow account contemplated by the court's July 26, 2012 and

2

December 10, 2012 orders--and initially ordered by the Superior Court in December 2011--the preliminary injunction against foreclosure is lifted.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: January 23, 2012

cc:  Robert M.A. Nadeau, Esq.
     Paula-Lee Chambers, Esq.
     Geoffrey M. Coan, Esq.
     Thomas C. Tretter, Esq.
     Victor Manougian, Esq.