UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Michael Drouin et al.</u>

    v.                                Civil No. 11-cv-596-JL

<u>American Home Mortgage
Servicing, Inc., et al.</u>

**O R D E R**

Despite this court's best efforts, the parties in this case are apparently incapable of observing this court's order of **July 26, 2012,** which set forth the court's standard discovery dispute resolution procedure.  Plaintiffs Michael and Kathleen Drouin, in violation of that order, have filed a motion to compel discovery from defendants Wells Fargo Bank, N.A. and Option One Mortgage Corporation, asserting that those defendants have refused to answer, or provide complete answers to, certain of the Drouins' interrogatories.  The Drouins' motion comes hard on the heels of Wells Fargo's own discovery motion, which was also filed in violation of the July 26, 2012 order--as the court specifically noted in its order on that motion (albeit too subtly for counsel to notice, it would seem).  <u>See</u> Order of Jan. 23, 2013.

Notwithstanding plaintiffs' failure to comply with that order, the court is compelled to address their motion (as it did Wells Fargo's) in light of the recent close of discovery and defendants' recently-filed motion for summary judgment.  For the

reasons that follow, the court orders Option One, but not Wells Fargo, to provide further discovery responses.  The court also assesses sanctions for Option One's noncompliance with an earlier order of this court.

I.  **Wells Fargo's interrogatory responses**

Plaintiffs' motion to compel further interrogatory responses from Wells Fargo comes too late.  This court held a conference call on January 22, 2013--nearly two weeks after the close of discovery on January 11--to address Wells Fargo's discovery motion.  Prior to that call, the parties, including plaintiffs, submitted written statements setting forth unresolved issues they wished to bring to the court's attention.  Though plaintiffs' statement was particularly lengthy, it did not suggest that Wells Fargo's interrogatory responses were incomplete or objectionable, although Wells Fargo had provided those responses to plaintiffs several days beforehand.  To be sure, plaintiffs' statement noted that Wells Fargo's responses were "laden with objections."  But it did not seek any relief on that basis.

On the conference call, the court explicitly asked the parties if there were any further issues that would require the court's intervention.  That would have been a particularly opportune time for plaintiffs to raise the issues now presented

in their motion, given that a good deal of the call was devoted to similar issues.  Provided with this opportunity, however, plaintiffs again remained silent on the issue of Wells Fargo's interrogatory responses.

The court cannot interpret plaintiffs' previous silence on this issue, coming well after the close of discovery in this case, as anything but an acceptance of Wells Fargo's responses as sufficient.  Nor can the court interpret plaintiffs' belated attempt to inject new discovery issues into this case as anything but an attempt to further delay the resolution of this action. Wells Fargo will not be ordered to provide further responses to plaintiffs' interrogatories (though the court encourages Wells Fargo to attempt to reach a mutually-agreeable resolution with plaintiffs).

If plaintiffs desire responses to the questions posed in their interrogatories, they may naturally pose those questions to Wells Fargo's Rule 30(b)(6) deposition designee if they wish.  To the extent the questions are not covered by any of the designated deposition topics, however, Wells Fargo's designee need only answer them to the best of his or her individual knowledge.

## II. Option One's interrogatory responses

Insofar as plaintiffs' motion seeks to compel further discovery responses from Option One, it stands on considerably firmer ground.  Plaintiffs could not have raised concerns about Option One's interrogatory responses on the January 22 conference call because Option One did not provide those responses until January 25 (conduct which, as discussed in the following section, warrants sanctions).  And substantively speaking, plaintiffs' motion has some merit.  Among other things, as plaintiffs note, in its responses Option One has apparently conflated "Option One Mortgage Corporation" with "Option One Mortgage Acceptance Corporation" (or "OOMAC"), and has not provided independent responses to interrogatories that inquire about the latter entity.  In light of this and other apparent deficiencies in Option One's responses, and after careful consideration of the arguments set forth in plaintiffs' motion, the court rules as follows:

- **Option One need not provide further responses to Kathleen Drouin's interrogatories 1-4 and 8-13 or Michael Drouin's interrogatories 1-9, 11-14, and 16-20.**  Taking into account Option One's objections, which the court finds, for the most part, well-founded, Option One appears to have provided sufficient responses to these interrogatories.

- **Option One shall provide further responses to Kathleen Drouin's interrogatories 5-7 on or before February 12, 2013.**  As just noted, Option One's responses to those

4

> interrogatories apparently conflate Option One Mortgage Corporation with OOMAC.

- **Option One shall also provide further responses to Michael Drouin's interrogatories 10 and 15 on or before February 12, 2013.** When responding to interrogatory 10, Option One need not provide any of the information requested after the clause "if still applicable," for the reasons stated in Option One's objection to that interrogatory. When responding to interrogatory 15, Option One need not provide any of the information requested after the clause "to any other person or entity," for the reasons stated in Option One's objection to that interrogatory.

**III. Option One's noncompliance with this court's orders**

On December 6, 2012, plaintiffs filed a motion to enlarge the discovery deadline, citing defendants' lack of cooperation in discovery. The court promptly scheduled a conference call to address plaintiffs' motion. During the call, Option One conceded that it had not provided any responses to plaintiffs' discovery requests, although the time for doing so under the Federal Rules of Civil Procedure had already elapsed. Resultantly, on December 10, 2012, this court ordered Option One to respond to plaintiffs' discovery requests on or before January 11, 2013.

On the January 22, 2013 conference call this court held to address Wells Fargo's discovery motion, Option One acknowledged that it had not yet responded to plaintiffs' discovery requests, in contravention of the court's December 10 order. The court therefore ordered Option One to file a memorandum by January 31,

2013, showing cause why its noncompliance with that order should not be sanctioned under Federal Rule of Civil Procedure 37(b)(2). Option One did not do so, which the court takes as a tacit acknowledgment that sanctions are appropriate.

Rule 37(b)(2) identifies a number of possible sanctions for a party's failure to obey a court order.  In the present case, the court believes the sanction suggested by Rule 37(b)(2)(C) is most appropriate:  Option One should be ordered to pay plaintiffs' "reasonable expenses, including attorney's fees, caused by [its] failure."  Accordingly, if plaintiffs wish to have those expenses reimbursed, they shall, **on or before March 1, 2013**, file a memorandum, supported by affidavit, identifying any attorney's fees or other expenses they incurred as a result of Option One's disobedience of the court's December 10, 2012 order. If it objects to plaintiffs' submission, Option One shall file a response within seven (7) days of plaintiffs' filing.  Neither party's memorandum shall exceed ten (10) pages; no reply memoranda will be accepted.

**IV.  Conclusion**

Plaintiffs' motion to compel discovery (doc. no. 52) is GRANTED in part and DENIED in part.  As set forth above, Option One shall provide further responses to Kathleen Drouin's

interrogatories 5-7 and Michael Drouin's interrogatories 10 and 15 **on or before February 12, 2013.**  As further outlined above, plaintiffs may, at their option, file a memorandum **on or before March 1, 2013,** seeking reimbursement of any attorney's fees or other expenses they incurred as a result of Option One's disobedience of the court's December 10, 2012 order.  Plaintiffs' identical motion filed today (doc. no. 53) is stricken.

The parties are advised that any future failure to observe the court's July 26, 2012 order will be met with sanctions.

    **SO ORDERED.**

                                                         _____
                                                         Joseph N. Laplante
                                                         United States District Judge

Dated:  February 5, 2013

cc:  Robert M.A. Nadeau, Esq.
     Paula-Lee Chambers, Esq.
     Geoffrey M. Coan, Esq.
     Thomas C. Tretter, Esq.
     Victor Manougian, Esq.