UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Michael Drouin et al.

    v.                                  Civil No. 11-cv-596-JL

American Home Mortgage
Servicing, Inc., et al.

## SUMMARY ORDER

Before the court is plaintiffs' application for attorney's fees and costs incurred as a result of defendant Option One Mortgage Corporation's noncompliance with the court's December 10, 2012 discovery order in this case. That order directed Option One to respond to plaintiffs' discovery requests on or before January 11, 2013. Option One acknowledged its failure to comply with this order on a January 22, 2013 conference call with the court, which therefore ordered Option One to show cause why sanctions should not be assessed against it pursuant to Federal Rule of Civil Procedure 37(b)(2). Order of Jan. 23, 2013. Option One did not respond to that order, and the court concluded that it should be ordered to pay plaintiffs' "reasonable expenses, including attorney's fees, caused by [its] failure." Order of Feb. 5, 2013 (quoting Fed. R. Civ. P. 37(b)(2)(C)).

I. **Option One's objections**

Before calculating the amount of fees and costs to be awarded to plaintiffs, the court must address two points raised by Option One in its response to plaintiffs' application. First, Option One claims that it did not respond to the court's show cause order because it mistakenly believed that it could avoid sanctions by providing the discovery it had previously withheld. The show cause order does not permit that interpretation; it plainly states that Option One was required to both "provide full and complete responses to plaintiffs' discovery requests" and "<u>also</u> file a memorandum with the court showing cause why sanctions should not be assessed against it." Order of Jan. 23, 2013 (emphasis added). And, even if Option One's mistake had been reasonable, it still has not identified any reason why it should not be sanctioned for disregarding the earlier December 10 discovery order. While the court appreciates Option One's apology for its conduct, it is difficult to accept Option One's assertion that it "did not willfully disobey" that order. In any event, a lack of willfulness is not grounds for withholding sanctions under Rule 37. <u>See</u> Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers, 357 U.S. 197, 208 (1958).

Second, Option One argues that the court should assess no sanctions because plaintiffs initially filed only an affidavit in support of their application, rather than "a memorandum, supported by affidavit," as directed by the court.  See Order of Feb. 5, 2013.  Plaintiffs, however, have since supplemented their affidavit with a memorandum–-before the deadline imposed by the court, it should be noted, see id.--and the court sees no reason to deny sanctions due to plaintiffs' noncompliance with the technical requirements of the court order, as no apparent prejudice to Option One has resulted.

## II.  Merits

Plaintiffs have requested reimbursement for a total of $2,000.00 in fees and costs.  They arrived at that total by adding up all fees incurred "pertinent to the ongoing discovery disputes between the parties" and then discounting that number (by an apparently arbitrary amount) in recognition of the dual facts that (1) some of the fees "date back to September, 2012 before Option One's discovery non-compliance began" and (2) some of the fees "pertained to discovery non-compliance by all three defendants."  Aff. of Atty.'s Fees (document no. 55) ¶¶ 3, 5.

In calculating an award of attorney's fees, however, this court is not free to simply pluck a number that "feels right"

from thin air, as plaintiffs have done.  Rather, the award should be "calculated under the lodestar method by multiplying the hours reasonably spent on the litigation by the hourly rate prevailing in the community." Holder v. Gienapp, 2007 DNH 089, 2 (citing Bogan v. City of Boston, 489 F.3d 417 (1st Cir. 2007)).  "The party seeking fees bears the burden of showing that the amount requested is reasonable." Id.  The court "should begin with the attorneys' contemporaneous billing records.  The court should then subtract hours that are duplicative, unproductive or excessive and multiply the hours billed by the prevailing attorney rate in the community." Bogan, 489 F.3d at 426 (internal citation omitted).  Applying that method, the court awards plaintiffs $275.00 in attorney's fees.

As both plaintiffs and Option One note, a number of the billable hours plaintiffs have identified in their application predated the court's December 10, 2012 discovery order, and thus cannot have been caused by Option One's failure to comply with that order.  Other billable hours identified in the application postdate Option One's provision of discovery responses to plaintiffs on January 25, 2013, and likewise cannot have been caused by Option One's noncompliance.  The court will not award fees for that time as a sanction against Option One.

4

Of the billable hours expended in the period from December 11, 2012 to January 24, 2013, very few appear to be related to plaintiffs' attempts to secure Option One's compliance with the court's discovery order. Two issues in particular concern the court:

- The billing records plaintiffs have submitted in support of their application reflect that plaintiffs' counsel spent 0.2 hours on January 10, 2013 reviewing and replying to e-mails from his clients "re discovery deadline, etc." and "re interrogatory answers." Plaintiffs have not explained how these tasks had any connection to Option One's misconduct. The court will not award fees for that time.

- Counsel spent 4.0 hours on January 21, 2013 preparing bullet points in advance of a conference call with the court. Based upon the court's review, though, only about one-tenth of the substantive content of those bullet points dealt with Option One's failure to comply with the court's discovery order. The court will accordingly award fees for only 0.4 hours of counsel's time on that day.

The remaining 0.7 billable hours expended in the December 11, 2012 - January 24, 2013 period appear to have been reasonably incurred as a result of Option One's noncompliance. Accordingly, the court will order reimbursement for a total of 1.1 hours of counsel's work.

Plaintiffs' counsel represents that his hourly rate is $250.00, and opines that this rate is "fair and reasonable in this geographic area for attorneys of comparable age, experience and standing." Aff. of Atty.'s Fees (document no. 55) ¶ 4. Option One has not challenged this opinion, and the court is

sufficiently familiar with fee awards here to rely on its own understanding that the rate claimed is within the range of hourly rates charged in this district.  See Saalfrank v. Town of Alton, 2010 DNH 041, 29-30; Holder, 2007 DNH 089 at 3.  Multiplying this rate by the 1.1 billable hours of time counsel reasonably spent responding to Option One's noncompliance yields a fee award of $275.00.

### III. Conclusion

For the foregoing reasons, Option One shall forthwith remit $275.00 to plaintiffs.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: April 8, 2013

cc:  Robert M.A. Nadeau, Esq.
     Paula-Lee Chambers, Esq.
     Geoffrey M. Coan, Esq.
     Thomas C. Tretter, Esq.
     Victor Manougian, Esq.