UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Michael Drouin and Kathleen
Drouin

     v.                          Civil No. 11-cv-596-JL
                                   Opinion No. 2013 DNH 056

American Home Mortgage
Servicing, Inc., Wells Fargo
Bank, N.A., and Option One
Mortgage Corporation

**MEMORANDUM ORDER**

This case comes before the court on a motion to dismiss under Federal Rule of Civil Procedure 41(b). Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Wells Fargo Bank, N.A. assert that plaintiffs Michael and Kathleen Drouin have failed to respond to discovery requests, in direct violation of an order of this court, and have failed to attend their depositions. The Drouins responded to defendants' motion by filing a pro se objection, which does not address the substance of the motion to dismiss, but makes arguments about the merits of this action.

After careful consideration, this court--which has diversity jurisdiction over this matter under 28 U.S.C. § 1332--grants the motion to dismiss. The court does this with great reluctance, as dismissal is a drastic sanction that should be used sparingly.

The Drouins' conduct in prosecuting this action has, however, fallen unacceptably short of what is required by the Rules of Civil Procedure, this court's orders, and any objective standard of litigation conduct.  They have offered no explanation or excuse for their conduct, which has harmed defendants and appears to be calculated to frustrate the progress and resolution of this action, and have expressed no regret over it.  Dismissal is the only appropriate sanction for the Drouins' inexcusable course of conduct.

## I.  <u>Applicable legal standard</u>

Under Rule 41(b) of the Federal Rule of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal under this rule is generally "appropriate only when [the] plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable."  Bachier-Ortiz v. Colon-Mendoza, 331 F.3d 193, 195 (1st Cir. 2003).  The court "must look to the totality of the circumstances" to determine whether to dismiss the action, id., considering "substantive elements of the sanction, including the severity of the party's violation, mitigating excuses, and repetition of the violations, as well as procedural elements such as notice and the opportunity to be heard," Torres-Álamo v.

Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007).  Dismissal may be warranted where the plaintiff has exhibited "a pattern of delay or willful behavior," but should not be granted based upon a single instance of misconduct "as long as some plausible excusatory circumstances exist."  Bachier-Ortiz, 331 F.3d at 195.

## II.  <u>Background</u>

Plaintiffs Michael and Kathleen Drouin filed this action in Rockingham County Superior Court, seeking to enjoin AHMSI, Wells Fargo, and their co-defendant Option One Mortgage Corporation from foreclosing on the property securing their mortgage loan. Plaintiffs successfully obtained a preliminary injunction against foreclosure from the Superior Court, which also ordered them to "maintain with [their] attorney an interest bearing escrow account which shall include monthly payments commencing 1/1/12 of $1272.68" (the amount of the Drouins' monthly mortgage payment, which they had stopped making prior to filing suit) and set a final hearing on plaintiffs' petition for February 16, 2012. Before that hearing could occur, defendants removed the action to this court.  See 28 U.S.C. § 1441.

This court held a preliminary pretrial conference on July 25, 2012, at which plaintiffs' counsel conceded that his clients had not established the escrow account contemplated by the Superior Court's order, which remained in place following

3

removal.  See id. § 1450.  In its July 26, 2012 scheduling order,
this court therefore ordered plaintiffs to establish that
account, and warned that failure to do so would "result in the
preliminary injunction against foreclosure being lifted."
Plaintiffs subsequently moved for reconsideration of that order,
which the court denied.  Order of Nov. 2, 2012.

Several months after the discovery period commenced,
plaintiffs, in accordance with this court's standard discovery
dispute resolution procedure, see Order of July 26, 2012,
requested a conference call with the court to discuss several
issues that had arisen.  During the conference call--in which
plaintiffs personally participated, through their presence in the
office of their counsel--it emerged that plaintiffs had not
established the escrow account as ordered.  Plaintiffs' counsel
represented that plaintiffs had not complied with the order
because (1) they felt it unfair to force them to make escrow
payments for the benefit of defendants, who they believed had no
legal right to such payments, and (2) they wished to use the
funds available to them to pay him instead of complying with the
order.[1]  The court explained that the purpose of the escrow was
not to benefit defendants, but to ensure that plaintiffs were

---

[1]These were also the arguments plaintiffs made in their
motion to reconsider the scheduling order, which, as just noted,
the court denied prior to the call.  See document no. 45.

making payments for the benefit of the actual holder of their
mortgage and associated promissory note--whoever that might be--
and that, if defendants failed to establish that they held the
mortgage and note, the funds in the account would be returned to
plaintiffs.  Following the call, the court granted plaintiffs
until January 11, 2013 to establish the escrow account.  See
Order of Dec. 10, 2012.  The court also extended the close of
discovery to January 11, 2013.  See id.

Before long, additional discovery issues arose, and the
court held another conference call to attempt to resolve them
(although, by that time, the January 11 close of discovery had
already passed).  On the second call, two issues of relevance to
the present motion came to light:  first, plaintiffs had still
failed to establish the escrow account as ordered; and second,
AHMSI and Wells Fargo had, during the discovery period,
propounded interrogatories to which plaintiffs had announced
their intention not to respond.  As to the first issue, the court
ordered that the preliminary injunction against foreclosure be
lifted.  See Order of Jan. 23, 2013.  And, as to the second
issue, the court ordered plaintiffs to provide objections and/or
responses to AHMSI's and Wells Fargo's interrogatories by
February 19, 2013 (nearly a month later than the response
deadline mandated by Rule 30(b)(2)).  Id.

The court's order did not require plaintiffs to answer all of the interrogatories, but allowed AHMSI and Wells Fargo to select a total of 24 interrogatories to which they desired responses.  AHMSI and Wells Fargo ultimately requested responses to only 18 interrogatories.  Notwithstanding this reduced number, and despite the court's order, plaintiffs provided neither substantive responses nor objections to those interrogatories by the February 19, 2013 deadline.

Meanwhile, prior to the call (and prior to the January 11, 2013 close of discovery), AHMSI and Wells Fargo had also noticed depositions of both plaintiffs.  To accommodate the schedule of plaintiffs' counsel, those depositions were scheduled for February 22, 2013.  At 5:04 p.m. on the eve of the depositions, plaintiffs' counsel sent an e-mail to counsel for AHMSI and Wells Fargo, stating:

> Michael and Kathleen Drouin have informed me that they
> do not intend to appear for the depositions scheduled
> to take place in Concord, NH tomorrow.  Therefore, I
> will not be attending either.

Counsel copied plaintiffs personally on this e-mail.  AHMSI and Wells Fargo responded (copying plaintiffs) within half an hour, reminding plaintiffs' counsel that his clients were obliged to appear for their depositions and informing him of their intention to move for sanctions if plaintiffs did not do so.  Plaintiffs' counsel responded an hour later, again copying plaintiffs

6

personally, acknowledging that AHMSI and Wells Fargo "may decide to file a motion to compel and/or for sanctions against the Drouins based on their decision" and confirming that he was "passing [this] threat on to the Drouins for their information."

Despite being informed of the possible consequences of their failure to attend, the Drouins did not appear at the agreed time and place of their depositions.  Less than an hour before the depositions were scheduled to begin, their counsel filed a motion to withdraw from his representation of plaintiffs, citing "a clear breakdown in the working relationship."[2]  A contemporaneous filing explained that this disagreement stemmed in large part from plaintiffs' insistence that counsel "generate a genuine issue of material fact to overcome the pending summary judgment motion" that AHMSI and Wells Fargo had filed, and counsel's belief that he could not in good faith do so.

Before the court took action on counsel's motion to withdraw, AHMSI and Wells Fargo filed the motion to dismiss now before the court.  The court took the motion to withdraw under advisement and granted plaintiffs leave to file a pro se response to that motion.  Plaintiffs did so, explaining in the process

---

[2]Local Rule 83.6(d) required counsel to move the court to permit his withdrawal because (1) a motion for summary judgment was pending, (2) the case had been pre-tried, and (3) a trial date had been set.

that their reason for not attending their depositions was that they had "no confidence that they would be properly represented by" their present counsel.  The Drouins' response did not explain their failure to provide interrogatory responses, even after being ordered to do so.  And, although the Drouins ultimately filed a pro se objection to defendants' motion to dismiss (after the court sua sponte extended the deadline for them to do so), that objection also does not provide any explanation for the Drouins' discovery misconduct, or, indeed, even acknowledge that misconduct.

## III.  __Analysis__

Our court of appeals has repeatedly cautioned that dismissal of an action under Rule 41(b) for the plaintiff's failure "to comply with [the Federal Rules of Civil Procedure] or a court order" is a sanction that should be imposed with great caution.  See, e.g., Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007); Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003).  As already mentioned, it "ordinarily should be employed only when a plaintiff's misconduct is extreme." Vázquez-Rijos, 654 F.3d at 127.  In recognition of the seriousness of this sanction, this court has frequently denied motions to dismiss cases based upon a plaintiff's misconduct,

8

including failure to provide timely discovery responses, Ware v. JPMorgan Chase Bank, N.A., No. 12-cv-104, 2013 WL 782881 (D.N.H. March 1, 2013); failure to comply with final pre-trial filing requirements, Fin Brand Positioning, LLC v. Take 2 Dough Prods., Inc., No. 09-cv-405, 2012 WL 1216248 (D.N.H. April 11, 2012); or other applicable rules of procedure, Levesque v. New Hampshire, No. 09-cv-437, 2011 WL 2607074 (D.N.H. June 30, 2011); Garcia v. Alicare Med. Mgmt., 2010 DNH 184; and even the intentional destruction of evidence, Rockwood v. SKF USA Inc., 2010 DNH 171. This case is different.

As detailed in the preceding section, plaintiffs' misconduct took several forms. They refused to respond to defendants' interrogatories. When this court ordered them to provide those responses--and in fact simplified the task before them by reducing the total number of interrogatories to which plaintiffs needed to respond, and extending their time to do so--plaintiffs disregarded that order. That noncompliance was not unprecedented in this case; plaintiffs had already failed to comply with orders from both this court and the Superior Court that they establish an escrow account with their attorney, despite having been given multiple chances to do so (conduct for which the court had already imposed a sanction by lifting the preliminary injunction against foreclosure). Having done all this, plaintiffs then

elected not to attend their scheduled depositions, informing
defendants of that choice the evening before those depositions
were slated to take place, in what can only be viewed as an
attempt to maximize the inconvenience and expense to defendants.
Plaintiffs were represented by counsel during all these events.

"[D]isobedience of court orders is inimical to the orderly
administration of justice and, in of itself, can constitute
extreme misconduct" warranting dismissal. Young v. Gordon, 330
F.3d 76, 81 (1st Cir. 2003); see also Tower Ventures, Inc. v.
City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) (similar).  To
be sure, "[a] single instance of prohibited conduct cannot be the
basis for dismissal if the conduct was not particularly egregious
or extreme," Top Entertainment Inc. v. Ortega, 285 F.3d 115, 118
(1st Cir. 2002), and disobedience might be excused if "good cause
exists for the offender's failure to comply," Tower Ventures, 296
F.3d at 46-47.  Here, though, the court is confronted with a
great deal more than a single instance of misconduct; plaintiffs
have a documented history of noncompliance with court orders.
This noncompliance is exacerbated by their clear contempt for
their discovery obligations under the Federal Rules of Civil
Procedure.  Plaintiffs have now, on multiple occasions, failed to
conduct themselves as those Rules require.

Plaintiffs have not shown good cause for their actions. Indeed, they have not offered any explanation for their continued intransigence, apart from attributing their failure to attend their depositions to dissatisfaction with their counsel.  That dissatisfaction (which, as already mentioned, stems from counsel's inability to formulate a good-faith opposition to the pending motion for summary judgment) does not justify backing out of depositions the evening before they were to occur-- depositions, it bears noting again, that were scheduled long after the close of discovery to accommodate plaintiffs' schedule and that of their counsel.  Nor does it explain their failure to provide interrogatory responses to AHMSI and Wells Fargo, in violation of a court order directing them to do so.

"[A] finding of bad faith is not a condition precedent to imposing a sanction of dismissal." Young, 330 F.3d at 82.  The court is persuaded, however, that plaintiffs' misconduct reflects bad faith on their part.  That bad faith finds perhaps its clearest expression in plaintiffs' eleventh-hour notification that they would not attend their depositions.  It has, however, pervaded plaintiffs' conduct of this entire litigation.

Plaintiffs appear to be using this case as a tool to avoid making loan payments (to any entity, not just the defendants), and thereby stay in the mortgaged property, payment-free, as long

11

as possible.  Their petition asserts that there is "no identified party eligible to enforce the mortgage," and seeks a declaration that plaintiffs own the property "free and clear" of that mortgage.  The court does not dismiss that theory out of hand (though the defendants have filed a well-supported motion for summary judgment arguing that there is no genuine dispute as to their ability to enforce the mortgage).  As already discussed, however, both the Superior Court and this court ordered plaintiffs to continue making their mortgage payments into an escrow account in the event that their theory proved unsuccessful.  Granting security to an enjoined party in this manner is common and, indeed, generally required.  See Fed. R. Civ. P. 65(c).  Plaintiffs refused to provide the security as ordered.

Although the court lifted the injunction (after giving plaintiffs multiple chances to comply), defendants have not proceeded with foreclosure.  That decision is unsurprising.  So long as this action remains pending, it clouds title to the property, so a foreclosure auction is unlikely to result in any bids that would satisfy defendants' common-law duty to obtain a fair and reasonable price under the circumstances.  See Murphy v. Fin. Dev. Corp., 126 N.H. 536 (1985).  Defendants will, in all

likelihood, not foreclose unless and until this action is
resolved in their favor.

Plaintiffs therefore have a strong incentive to drag out
this action as long as possible.  Even if their claims ultimately
prove unsuccessful, they will have succeeded in postponing their
eviction from the property for months while paying nothing for
their use and occupancy.  The court has commented on plaintiffs'
delay tactics at least once before.  See Order of Feb. 5, 2013
(noting court's inability to "interpret plaintiffs' belated
attempt to inject new discovery issues into this case as anything
but an attempt to further delay the resolution of this action").
The conduct giving rise to defendants' motion to dismiss
represents more of the same.

The court has considered whether some lesser sanction than
dismissal might be appropriate.  See Enlace Mercantil Int'l, Inc.
v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988)
("[D]ismissal should be employed only after the district court
has determined that none of the lesser sanctions available to it
would truly be appropriate.").  The court sees no clear
alternative among the various options available to it, see Fed.
R. Civ. P. 37(b)(2)(A), that would both remedy plaintiffs' past
misconduct and compel them to provide the discovery that they
have thus far withheld from defendants.  This action is scheduled

to go to trial in two months, and yet defendants have not been
provided such basic information as:

- what damages plaintiffs claim to have suffered, if any, from
  defendants' alleged conduct, <u>see</u> document no. 68-2 at 15,
  20;

- the identities of persons known to plaintiffs to have
  relevant information, <u>see id.</u> at 16, 19; or

- the factual bases for the allegations in plaintiffs'
  complaint, <u>see id.</u> at 20-21.

The court could arguably order plaintiffs yet another opportunity
to provide responses--and to attend their depositions--under
threat of dismissal, while sanctioning their prior disobedience
by awarding fees and costs to AHMSI and Wells Fargo.  Given
plaintiffs' past refusal to make the escrow payments ordered by
the court, however, the court has no reason to believe they would
actually pay any award of fees and costs.  And perhaps more
importantly, taking that route would require extending the trial
date to allow defendants adequate time to incorporate the late
discovery into their trial strategy.  As just discussed, such
delay works to plaintiffs' benefit, and appears to be the primary
motivation for their contumacy.

   The court will not reward plaintiffs' disregard for its
orders and the rules of discovery by further delaying the
resolution of this action.  Given plaintiffs' pattern of
"repeatedly flouting court orders," <u>see</u> <u>Benitez-Garcia v.</u>

14

Gonzalez-Vega, 46 F.3d 1, 5 (1st Cir. 2006); the prejudice to defendants' "ability to litigate [the issues related to the withheld discovery] in the context of the broader schedule of the case," id. at 6; "the absence of a legitimate reason" for plaintiffs' conduct, Tower Ventures, 296 F.3d at 47; and the lack of an appropriate alternative sanction, Enlace Mercantil, 848 F.2d at 317, this action is dismissed with prejudice pursuant to Rule 41(b).

IV.  **Conclusion**

For the reasons set forth above, the motion to dismiss[3] is GRANTED.  The court recognizes that disagreements between plaintiffs and their counsel may have impacted their ability to prepare an appropriate response to the motion to dismiss, notwithstanding the court's expectation that counsel would continue to diligently represent plaintiffs' interests until permitted to withdraw.  In light of this possibility, the motion to withdraw[4] is GRANTED, so that plaintiffs may pursue post-judgment relief in this court under Rules 59 or 60 on their own behalf (or through successor counsel).

---

[3] Document no. 68

[4] Document no. 57.

15

Defendants' motion for summary judgment[5] and plaintiffs' motion to extend time to respond to that motion[6] are DENIED as moot.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 9, 2013

cc:  Michael Drouin
     Kathleen Drouin
     Robert M.A. Nadeau, Esq.
     Paula-Lee Chambers, Esq.
     Geoffrey M. Coan, Esq.
     Thomas C. Tretter, Esq.
     Victor Manougian, Esq.

---

[5]Document no. 51.

[6]Document no. 63.